## Smith v. Auto Club of Southern Pennsylvania

*C. N. Patterson Jr.,* for plaintiff.
*John R. Sparks Jr.,* for defendant.

CHRONISTER, *J.,* October 17, 1989 — This matter is before the court on plaintiff's motion to quash subpoena of defendant. Plaintiff, Paula Smith, was employed by defendant, Auto Club of Southern Pennsylvania (AAA), for 10 years. After Smith left her job, an employee of AAA initiated a criminal investigation of Smith by reporting a theft from AAA. Smith was arrested, but the result of the trial was an acquittal. Thereafter, Smith sued AAA and two of its employees for malicious prosecution, defamation, conspiracy and intentional infliction of emotional distress. Pursuant to discovery, AAA's counsel notified counsel for Smith of his intent to subpoena from the police department "all notes, records, photographs, statements, names and addresses of anyone spoken to or involved in the case and any other documents pertaining to the investigation file of Paula A. Smith . . . "

In support of her motion to quash this subpoena, Smith argues that the police report is irrelevant, prejudiced and unavailable under the Criminal History Record Information Act (18 Pa.C.S. §9101 et. seq.) Smith contends that the subpoena is designed to harrass and unjustly deter her. She claims that the police report will confuse the jury by diverting its attention from the true issues in the case. Smith also argues that there is nothing that AAA can obtain from the police records that cannot be adduced from the trial transcript or from consultation with their own current or former employees. Lastly, Smith contends that the subpoena may be so overbroad as to be objectionable solely on that basis.

AAA responds that police records are clearly relevant in regard to an alleged malicious prosecution.

One of the issues at trial will be, what did AAA's employees tell the police? AAA also contends that this information should be available through discovery even if it may not be admissible, since it may lead to the discovery of admissible evidence.

Rule 4003.1 of the Pennsylvania Rules of Civil Procedure states the following:

"[A] party may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . It is not grounds for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence." Pa.R.C.P. 4003.1.

The discovery rules are to be liberally construed. *Einhorn v. Philadelphia Electric Company*, 410 Pa. 630, 635, 190 A.2d 569, 572 (1963). AAA's discovery request is relevant and not privileged. The request for the police report appears reasonably calculated to lead to the discovery of admissible evidence. If anything obtained is prejudicial or misleading, appropriate objections can be made at the time of trial.

The fact that much of this information can be obtained through the trial transcript or from defendants themselves is not a valid objection. Defendants are allowed to show in their defense exactly what they told the police, as verified by the police records.

Defendant finally contends that the Criminal History Record Act does not apply to this matter. They argue by bringing this lawsuit, plaintiff waives any privilege she may have to object pursuant to that act.

The purpose of the act is to prevent disclosure to the public of privileged information which may

harm plaintiff's reputation. In this case the records sought will be given to the very persons who generated the records in the first place. Thus disclosure will not result in additional persons becoming aware of the information. Instead, those who supplied the information will merely be able to document what they allegedly told the police. If the subsequent use at trial causes added disclosure to the public, plaintiff has waived any objection by bringing the lawsuit, thereby causing the matter to come into the public forum.

Plaintiff's objection that the subpoena is overbroad may be correct in theory, though probably not in actuality. The subpoena should not cause the entire investigative file to be released, only these portions generated from AAA employees. However, that would appear to be the entire file. However, the subpoena should be limited accordingly.

## ORDER

And now, October 17, 1989, plaintiff's motion to quash subpoena is refused, although the subpoena is limited as set forth in this opinion.